SUMMARY ORDER

Petitioner, a native and citizen of the People’s Republic of China, seeks review of the October 22, 2008 order of the BIA affirming the October 18, 2004 decision of Immigration Judge (“IJ”) Sandy K. Horn denying her motion to reopen. In re Yue Xing Zhun, No. A79 781 509 (B.I.A. Oct. 22, 2008), aff'g No. A 79 781 509 (Immig. Ct. N.Y. City Oct. 18, 2004). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
As a preliminary matter, to the extent that Zhun challenges the IJ’s underlying adverse credibility determination, we need not consider her arguments because she failed to exhaust her administrative remedies by challenging the IJ’s adverse credibility determination. See Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 89-90 (2d Cir.2001).
We review the agency’s denial of a motion to reopen for abuse of discretion. See Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). The agency did not abuse its discretion in denying Zhun’s motion to reopen where the only document she submitted in support of her motion — a letter from her husband — was neither new nor previously unavailable. 8 C.F.R. § 1003.2(c)(1) (2005); see Norani v. Gonzales, 451 F.3d 292, 294 & n. 3 (2d Cir.2006). Under these circumstances, the BIA did not abuse its discretion in denying Zhun’s motion to reopen. See INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
Moreover, the BIA does not abuse its discretion by denying a motion to reopen or rejecting the authenticity of an alien’s documentary evidence submitted in support of such a motion where the alien does not rebut an IJ’s underlying adverse credibility finding. See Kaur v. BIA, 413 F.3d 232, 234 (2d Cir.2005) (per curiam); see also Qin Wen Zheng v. Gonzales, 500 F.3d 143, 147 (2d Cir.2007)(citing Siewe v. Gonzales, 480 F.3d 160, 170 (2d Cir.2007)). Thus, in considering Zhun’s motion to reopen, the BIA did not abuse its discretion in concluding that she failed to establish prima facie eligibility for relief where she did not rebut the IJ’s adverse credibility *669 determination and submitted only an uncorroborated affidavit in support of reopening. See Kaur, 413 F.3d at 234.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).